IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick Larry St. Clair, | No. CV 08-2310-PHX-DGC (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

This matter comes before this Court upon consideration of a *pro se* Petition for Writ of Habeas Corpus, filed on December 18, 2008, by Petitioner Frederick Larry St. Clair, who is confined in the Arizona State Prison. (Doc. #1.) Respondents filed an Answer on April 17, 2009 (Doc. #12), and Petitioner filed a Reply on May 7, 2009 (Doc. #13).

**BACKGROUND**

I. Trial Proceedings.

On September 2, 2003 Petitioner was indicted by a Maricopa County Grand Jury on seven counts of Sexual Abuse, Class 3 felonies and dangerous crimes against children, four counts of Molestation of a Child, class 2 felonies and dangerous crimes against children, and ten counts of Sexual Conduct with a Minor, Class 2 felonies and dangerous crimes against children. (Doc. #12, Exh. A.) The state filed an Allegation of Multiple Offenses not Committed on the Same Occasion, pursuant to A.R.S. 13-702.02. (Id., Exh. B.) The state

also filed a Notice of Intent to use Defendant's other Crimes, Wrongs or Acts Pursuant to Rules 404(b) and (c), Arizona Rules of Evidence. (Id., Exh. C.)

Petitioner entered into a Plea Agreement with the state on January 26, 2004, in which he agreed to plead guilty to one count of Sexual Conduct with a Minor, one count of Attempted Sexual Conduct with a Minor, and one count of Attempted Molestation of a Child. (Id., Exh. D.) Language in the agreement notified Petitioner that the crime of Sexual Conduct with a Minor carries a presumptive sentence of 20 years, a minimum sentence of 13 years and a maximum sentence of 27 years. (Id., ¶1.) Petitioner and the state stipulated that Petitioner would be sentenced to prison on this count. (Id., ¶2.) The parties also stipulated that Petitioner would be placed on lifetime probation on the remaining two counts, that the probation would include all sex offender terms, that Petitioner would have to register as a sex offender, and that Petitioner would have to pay restitution to the victim in an amount not to exceed $100,000. (Id.) Petitioner was advised of these same provisions in court by the judge at his change of plea proceedings, and acknowledged understanding and agreeing to them. (Doc. #12, Exh. E.)

Petitioner was sentenced on April 5, 2004 to the presumptive term of 20 years in prison for the Sexual Conduct with a Minor conviction, and lifetime probation on the remaining two counts, to commence upon Petitioner's physical release from prison. (Id., Exhs. G,H.) II. Post-conviction Proceedings.

Petitioner filed a Rule 32, Notice of Post-Conviction Relief (hereinafter "PCR"), stating the following as his cause of action and relief requested:

> This is a first filing of a Rule 32 Petition in this case. I feel that there was extreem predudico on the part of the pre-sentence reporter, also my good risk assessment was not used. The judge would not hear from my attorney at sentencing. Had made decision on case without hearing any arguement. Also I feel that my attorney let the prosicution have there way. This is a first offence and no priors of any kind.

(Doc. #12, Exh. I, at 4.) Petitioner requested that the court appoint counsel to represent him. (Id.) On April 28, 2004, the trial court appointed the Office of the Public Defender to represent him. (Doc. #12, Exh. I.)

On August 2, 2004, Petitioner's attorney filed a Motion to Dismiss Petition for Post-Conviction Relief. (Doc. #12, Exh. J.) Attached to the motion was a statement signed by Petitioner indicating that he was requesting "that the petition for post-conviction relief in this matter be dismissed as [he] no longer wish[ed] to contest the judgment of guilt or sentence entered against [him] in th[e] case." (Id., at 3.) He also acknowledged that his petition would be dismissed and that he would "not be able to file another petition . . . unless there is new evidence which would have changed the verdict or sentence, a law has changed which would probably overturn the conviction or sentence, or, [Petitioner is] held in custody after [his] sentence has expired." (Id.) On August 5, 2004, his petition was dismissed. (Doc. #12, Exh. K.)

On September 20, 2005, Petitioner filed a notice of change of address with the trial court, indicating therein that he had "filed a Post Conviction Relief Form 24C," and therefore would "need results [sent] to [him] at the [new address]." (Id., Exh. O.) The trial court record does not contain the referenced Form 24C. (Id., Exh. S.) On October 5, 2005, Petitioner filed a Request for Preparation of Post-Conviction Record, in which he requested various documents from trial court proceedings. (Id., Exh. M.) The trial court denied that request on October 27, 2005, indicating that defendant was required first to file a Notice of Post-Conviction Relief, before being entitled to copies of transcripts at the court's expense. (Id., Exh. N.)

On December 4, 2006, the state filed a Motion to Determine Counsel, Set Restitution Hearing and Transport Defendant, in which it requested a hearing to determine whether or not Petitioner should be ordered to pay restitution to the victim. (Id., Exh. O.) The court ordered that counsel be appointed to represent Petitioner, and on January 26, 2007, at a Status Conference at which Petitioner was present, the court ordered Petitioner to make restitution to the victim in the total amount of $73,218.85, and ordered a payment schedule. (Id. at 4-6.)

On October 17, 2007, Petitioner filed a Notice of PCR, indicating therein that there had been no previous PCR, and also indicating, by checking the form's pre-printed boxes,

that his untimely filing should be excused because: (1) newly discovered material facts exist which probably would have changed the verdict or sentence, (2) the defendant's failure to file a timely notice of post-conviction relief or notice of appeal was without fault on the defendant's part, and (3) there has been a significant change in the law that would probably overturn the conviction or sentence. (Doc. #12, Exh. P.) In his own handwriting he explained that his plea agreement was ambiguous, that he was denied the right to have a jury determine any fact in aggravation of his sentence, that lifetime probation is cruel and unusual punishment and violates Petitioner's right to equal protection of the law and to due process. (Id.)

On November 16, 2007, the trial court dismissed Petitioner's PCR, finding his petition untimely, and further that he had failed to raise any claims qualifying as exceptions to the time limits imposed by the Rule, citing Rule 32.1(d), (e), (f), (g), or (h), Ariz.R.Crim.P. (Doc.#1, Exh. C.) With regard to his untimely claim that a lifetime probation sentence is unconstitutional, the trial court ruled alternatively that "A.R.S. 13-902(E) authorizes lifetime probation upon conviction of a sexual offense. This term of probation does not constitute cruel and unusual punishment or violate defendant's rights to due process or equal protection of the laws." (Id.)

Petitioner filed a Petition for Review of that dismissal on November 21, 2007, raising two of the three issues he had raised in his Notice of PCR: the ambiguity of his plea agreement, and the denial of his right to have a jury determine any fact in aggravation of his sentence. (Doc. #12, Exh. Q.) The Arizona Court of Appeals summarily denied his petition on October 21, 2008. (Id., Exh. R.)

III. Petition for Writ of Habeas Corpus.

On December 18, 2008, Petitioner filed the instant habeas petition. (Doc. #1.) He identifies four grounds for relief:

1 | Ground One: Petitioner claims he was denied access to the courts, because Rule 32 is unconstitutional, and the prison did not provide the AEDPA[1] to inmates.
Petitioner admits not presenting this issue to the Arizona Court of Appeals. (Doc. #1, at 6.)

Ground Two: Petitioner claims that the indictment returned against him was multiplicitous.
(Id., at 7.)

Ground Three: Petitioner claims his counsel was ineffective by not objecting to an illegal sentence, not raising the right to confrontation, and not objecting to a multiplicitous indictment.
(Id., at 8.)

Ground Four: Petitioner claims a sentence of lifetime probation is illegal.
(Id., at 9.)

Petitioner acknowledges that his petition is untimely under the AEDPA, but claims that the "State did not provide Notice of Rules to the Arizona Department of Corrections, nor were provided through Sate appointed ineffective assistance of counsel, nor by the State Courts and Agents of the State. (Doc. #1, at 11.) He attaches in support of this assertion another corrections inmate's letter, dated June 2, 2008, to the warden librarian inquiring as to whether or not the library currently carries, or ever carried the "legal reference 28 U.S.C. §2244." (Id., Exh. A.) On June 10, 2008, the librarian responded that "department order 902 attachment 'A' is very specific on which legal texts I can include in our library. Title 28 §2244 is not on that list." (Id., Exh. B.) The librarian attached the list of titles made available pursuant to department order 902, to include the Federal Civil Judicial Procedure and Rules, Federal Criminal Code and Rules, and Post-Conviction Remedies by Larry Yackle. (Id., Exh. C.)

Respondents contend that Petitioner's Petition for a Writ of Habeas Corpus is untimely under the AEDPA, as it was not filed within one year of the conclusion of Petitioner's state court proceedings, and that Petitioner is not entitled to equitable tolling. (Doc. #12.) Petitioner, in his Reply, argues that the limitations period should not apply as he was not given notice of the AEDPA's limitations provision, because of the prison library's

---

[1]Antiterrorism and Effective Death Penalty Act of 1996.

- 5 -

failure to stock separately 28 U.S.C. §2244, and because of the impermissibly vague nature of the AEDPA in general. (Doc. #13, at 4-6.)

**DISCUSSION**

The AEDPA imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). "[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott, 304 F.3d at 921. A state petition that is not filed however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821, 822 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round

- 6 -

of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does not reinstate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner's first PCR was dismissed by the trial court on August 5, 2004. (Doc. #12, Exh. K.) Although he consented to the dismissal, he would have had 30 days to seek review in the Arizona Court of Appeals. Ariz.R.Crim.P. 32.9(c). Thus, Petitioner's conviction became final on September 7, 2004, the first court-day after the 30-day expiration. Under the AEDPA, Petitioner's was required to file his Petition for Writ of Habeas Corpus on or before September 6, 2005. He did not file it until December 16, 2008; thus, unless he can demonstrate statutory or equitable tolling, his petition should be dismissed as untimely.

I. Statutory Tolling.

Petitioner filed a second PCR on October 17, 2007. (Doc. #12, Exh. P.) This second PCR was filed over 3 years after his conviction became final. Thus, Petitioner's time to file a Petition for Writ of Habeas Corpus had already lapsed: filing a second PCR does not reinstate an expired limitation period. Ferguson, 321 F.3d at 823. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (there is no tolling for state post-conviction review filed after the expiration of the statute of limitations); Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001) (a collateral action may toll, but does not restart the statute).

Furthermore, Petitioner's notice of change of address, and his Request for Preparation of Post-Conviction Record were also sent to the court after the AEDPA limitation period had expired, and in any event were not properly filed "petitions for post-conviction relief" that could toll the statute of limitations under the AEDPA. See, e.g., Rodriguez v. Spencer, 412 F.3d 29, 36 (1st Cir. 2005) ("Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for other collateral review of the judgment or claim."); Malcom v. Payne, 281 F.3d 951, 957-62 (9th Cir. 2002) (holding that a clemency hearing does not constitute a tolling-triggering "properly filed application

for State post-conviction or other collateral review" under §2244(d)(2)). Petitioner is not entitled to any statutory tolling of the AEDPA limitations period.

II. Equitable Tolling.

The Ninth Circuit has previously applied the doctrine of equitable tolling to the AEDPA limitations period. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). Equitable tolling is appropriate "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir.1997), overruled on other grounds, 163 F.3d 530 (9th Cir. 1998) (tolling of statute of limitations due to extraordinary circumstances requires that a defendant diligently pursue his claim). A petition bears the burden of establishing that he pursued his rights diligently and that some extraordinary circumstances stood in his way. Pace, 544 U.S. at 418; United States v. Marolf, 173 F.3d 1213, 1218 n. 3 (9th Cir. 1999).

Respondents argue that the United States Supreme Court opinion in Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360 (2007) established that the AEDPA limitations period is jurisdictional, and therefore equitable tolling does not apply. The Ninth Circuit has concurred with the reasoning of the Second Circuit in Diaz v. Kelly:

> [I]t would be an unwarranted extension of *Bowles* to think that the Court was impliedly rendering equitable tolling inapplicable to limitations periods just because they are set forth in statutes. Since a statute of limitations is a defense, *see* Fed.R.Civ.P. 8(c), it has not been regarded as jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (AEDPA limitations period), and has been subject to equitable tolling, *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). We think it remains so after *Bowles*.
>
> The Supreme Court's recent decision in *John R. Sand & Gravel Co. v. United States*, __ U.S. __, 128 S.Ct. 750, __ L.Ed.2d __, confirms our view. The Court there noted that most limitations periods are non-jurisdictional affirmative defenses and are subject to equitable tolling, *see id.* at 753-54, and viewed the limitations period governing suits against the United States in the Court of Federal Claims as jurisdictional only because a long line of prior decisions had so held and were entitled to adherence under principles of *stare decisis*, *see id.* at 756.

515 F.3d 149, 153-154 (2nd Cir. 2008).

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009) ("[W]e agree with the Second Circuit that Bowles did not invalidate equitable tolling of the AEDPA statute of

limitations.) See also Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming, without deciding, that equitable tolling applies to federal habeas proceedings).

Petitioner has failed to demonstrate equitable tolling applies in his case. He has not demonstrated that he has "purs[ued] his rights diligently," and that "some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418-19, n.8. Petitioner waited 3 years before filing his second PCR, and over 4 years before filing the instant habeas petition. Such delay in seeking relief is antithetical to a finding of diligence on Petitioner's part. See Pace, 544 U.S. at 418-19 (no finding of due diligence when the petitioner had waited over 4 years before filing second PCR); Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007) (finding that the petitioner "did not pursue his petition with diligence" in part because he made "no effort to seek relief between the denial of his last Rule 32 petition in October 1994 and the filing of the motion to recall the mandate in March 2000," and hence petitioner was "not entitled to equitable tolling.")

Petitioner suggests that the absence in the prison library of the specific statutory reference to AEDPA's 1-year limitation period, 28 U.S.C. §2244, deprived him of his "right to fair notice before the government may deprive [him] of a protected liberty interest. . . ." (Doc. #13, at 2.) He attaches a June 2008 letter authored by the warden librarian, who provided another correction inmate a list of legal resources available to prison inmates. (Doc. #1, Exh. C.) Although 28.U.S.C. §2244 does not appear on this list, Petitioner presents no evidence as to when this particular list went into in effect. Nor does Petitioner explain why the failure to include the referenced material prevented him from timely filing a second PCR.

Moreover, three of the 19 legal resources available in the prison library included the text of the 28 U.S.C. §2244: Federal Civil Judicial Procedure and Rules, Federal Criminal Code and Rules, and Post-Conviction Remedies by Larry Yackle. (Doc. #1, Exh. C.) Petitioner disputes that these publications provided sufficient notice of the requirements of the AEDPA:

> Now the Respondents are attempting to continue to neglect their responsibilities to provide this "notice" of the provisions concerning AEDPA by concealing these important rights not only to Petitioner, but to the inmate population as well and misleading this Court by stating that if petitioner had discovered this fact in question by his own diligence or **if he had read the entire volume of Federal Civil Judicial Procedure and Rules, Federal Criminal Code and Rules, and Post-Conviction Remedies by Larry Yackle** is what the Respondents seem to suggest that somehow coming across in a timely manner, **Petitioner would have discovered** under the Title Antiterrorism and Effective Death Penalty Act, a misleading title in and of itself, for the fact that petitioner is neither a terrorist nor is the Death Penalty applied to his case for the fact that Petitioner's case is non capital in nature, the Rule of Lenity apply's in this case." [emphasis added.]

Petitioner's difficulty understanding the legal text applicable to his case, or his "lack of sophistication" is not, by itself, "an extraordinary circumstance warranting equitable tolling." See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (petitioner's inability to correctly calculate the limitations period is not an extraordinary circumstance). Petitioner admits that he had access to the text of the AEDPA, but claims that it is contained in larger volume publications, making it hard to find, and that the title of the Act is misleading, and therefore he was not given notice of the AEDPA's statute of limitations. Petitioner does not state an extraordinary circumstance that prevented him from filing his habeas petition on time.

Petitioner has failed to demonstrate his entitlement to equitable tolling, and thus, his Petition for Writ of Habeas Corpus should be denied as untimely under the AEDPA's 1-year statute of limitation.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. The objections shall not exceed 15 pages in length. Thereafter, the

parties have ten days within which to file a response to the objections. The responses shall not exceed 10 pages in length. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 24th day of August, 2009.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge