**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick Larry St. Clair, | No. CV08-2310-PHX-DGC (MHB) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et. al., | |
| Respondents. | |

Pending before the Court are Petitioner Frederick Larry St. Clair's petition for writ of habeas corpus, United States Magistrate Judge Michelle H. Burns's Report and Recommendation ("R&R"), and Petitioner's objections to the R&R. Dkt. ##1, 14, 15. The R&R recommends that the Court dismiss the petition as untimely under the AEDPA's one-year statute of limitations. Dkt. #14 at 10. Petitioner makes two objections to the R&R: (1) that the one-year statute of limitations amounts to an unconstitutional suspension of the writ of habeas corpus, and (2) that the statute of limitations has not run because the State illegally prevented (and continues to prevent) Petitioner from filing an application by failing to provide notice of the AEDPA to Petitioner. Dkt. #15. The Court finds neither objection persuasive. The Court will accept the findings of the R&R and dismiss the petition.

**I.     R&R Review Standard.**

Petitioner filed timely objections to the R&R. The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States*

*v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

**II. Background.**

Petitioner was indicted on September 2, 2003 on multiple counts of dangerous crimes against children, sexual abuse, and sexual conduct with a minor. Dkt. #12, Ex. A. Petitioner entered into a plea agreement with the State on January 26, 2004, in which he agreed to plead guilty to one count of sexual conduct with a minor, one count of attempted sexual conduct with a minor, and one count of attempted molestation of a child. Dkt. #12, Ex. D. Petitioner was sentenced on April 5, 2004, to a term of 20 years in prison and lifetime probation. Dkt. #12, Exs. G, H.

While in prison, Petitioner filed two Rule 32 notices of post-conviction relief, both of which were dismissed. On December 18, 2008 – four years after being sentenced – Petitioner filed the present habeas petition. Dkt. #1. Petitioner admits that his petition is untimely under the AEDPA.

**III. The one-year statute of limitations is not unconstitutional.**

The Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Congress has authority to determine the "proper scope of the writ" by restricting it in constitutionally allowable ways. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Congress exercised this authority in the AEDPA and determined that a one-year statute of limitations was an appropriate restriction. 28 U.S.C. § 2244(d)(1).

The statute of limitations is not an unconstitutional suspension of the writ. *Tinker v. Moore*, 255 F.3d 1331, 1334 (11th Cir. 2001); *Wyzykowski v. Dep't of Corrections*, 226 F.3d 1213, 1217 (11th Cir. 2000). To be unconstitutional, the statute of limitations would have to bar relief entirely or render habeas relief "ineffective or inadequate to test the legality of detention." *Wyzykowski*, 226 F.3d at 1217. The statute of limitations restricts the time period for filing a habeas corpus petition, but it does not render habeas relief ineffective. The

AEDPA also allows an "equitable tolling" exception when a movant "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *see Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001). Other than arguing that the State did not apprise him of the AEDPA, Petitioner does not attempt to show that his filing was untimely because of extraordinary circumstances.

**IV. The State did not prevent Petitioner from filing an application.**

Petitioner argues that the limitations period has not yet run because the State prevented him from filing by not providing him notice of the AEDPA. Petitioner notes that the period of limitation does not begin to run until any "impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Petitioner argues that the State never provided him with a copy of the AEDPA, but there were three different sources of the AEDPA at Petitioner's disposal in the prison library. Dkt. #1, Ex. C. The statute was found within larger legal publications, but that fact does not make the prison library inadequate or a denial of meaningful access.

Petitioner argues that the title of the AEDPA (The Antiterrorism and Effective Death Penalty Act) is so vague that he, as a non-capital, non-terrorist inmate, was prevented from filing a habeas corpus petition. But statutes often contain provisions not described in their titles. The title of the AEDPA did not prevent Petitioner from filing this petition, nor has it prevented thousands of other inmates from filing habeas corpus petitions since the AEDPA was passed in 1996.

**IT IS ORDERED:**

1. Petitioner St. Clair's objection (Dkt. #15) to the R&R is **denied**.
2. Magistrate Judge Michelle H. Burns's R&R (Dkt. #14) is **accepted**.
3. Petitioner St. Clair's petition for writ of habeas corpus (Dkt. #1) is **denied and dismissed**.

4. The Clerk of Court shall **terminate** this action.

DATED this 7th day of October, 2009.

*David G. Campbell*
United States District Judge